UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHAEL SUSSMAN,

                              Plaintiff,       **ORDER**

    -against-                                 03 Civ. 3618 (DRH) (ETB)

UNITED STATES DEPARTMENT OF
JUSTICE; UNITED STATES DEPARTMENT
OF TRANSPORTATION;
TRANSPORTATION SECURITY
ADMINISTRATION; UNITED STATES
POSTAL SERVICE; UNITED STATES
SECRET SERVICE; INTERNAL
REVENUE SERVICE,
                              Defendants.
-------------------------------------------------------------X

**APPEARANCES:**

**MICHAEL SUSSMAN**
Plaintiff Pro Se
613 Cross Street
East McKeesport, PA 15035

**BENTON J. CAMPBELL**
**UNITED STATES ATTORNEY FOR THE EASTERN DISTRICT OF NEW YORK**
Attorneys for Defendants
One Pierrepont Plaza
Brooklyn, NY 11201
By: Kathleen A. Mahoney, Esq.

**HURLEY, Senior District Judge**

## Introduction

This case arises out of Freedom of Information Act ("FOIA") and Privacy Act ("PA") requests made by Plaintiff Michael Sussman ("Plaintiff") upon various federal agencies (collectively, "government" or "Defendants") for all investigative and collection records pertaining to or naming him. In his complaint, Plaintiff asserted seventy-one (71) different

claims for relief.  Both parties had previously moved for summary judgment pursuant to Federal Rule of Civil Procedure 56.  In a Memorandum and Order dated September 30, 2006 ("First Order"),[1] familiarity with which is presumed, the Court granted in part and denied in part Plaintiff's motion and granted in part and denied in part Defendants' motion.  As a result of the First Order, sixteen (16) claims were left unresolved.  These sixteen claims were then addressed in a Memorandum and Order dated July 29, 2008[2] (the "2008 Memorandum").

In the 2008 Memorandum, the Court granted the Defendants' motion for summary judgment on all the remaining claims, except Counts 67, 68 and 71.  As to Counts 67-68, the government was directed to submit to the Court for its *in camera* review the withheld information about (a) the name of an investigation routinely used by the USSS and (b) possible criminal activity engaged in by third parties.  As to Count 71, the parties were directed to advise the Court of its status.

In accordance with the 2008 Memorandum, the government has submitted the withheld information for the Court's *in camera* review.  Having reviewed said documents, the Court finds that the name of the investigation routinely used by the USSS was properly redacted (withheld) pursuant to Exemptions 2 and 7(E), 5 U.S.C. §§ 552(b)(2), (b)(7)(E) and that the information about possible criminal activity engaged in by third parties was properly redacted pursuant to Exemption 7(C), 5 U.S.C. § 552(b)(7)(C).  Accordingly, Defendants' motion for summary judgment is granted as to Counts 67-68.

Turning to Count 71, in the 2008 Memorandum the Court directed the parties to advise it

---

[1] *See Sussman v. U. S. Dep't of Justice*, 2006 WL 2850608 (E.D.N.Y. Sept. 30, 2006).

[2] *See Sussman v. U. S. Dep't of Justice*, 2008 WL 2946006 (E.D.N.Y. July 29, 2006).

of the status of that claim. While the Defendants provided the Court with a status report, Plaintiff has neither provided his own report nor responded to Defendants' report. Accordingly, the Court shall issue an Order to the Plaintiff to show cause why Count 71 should not be dismissed for failure to prosecute.

**SO ORDERED.**

Dated: Central Islip, New York
October 20, 2008

/s/
Denis R. Hurley
Senior District Judge