UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MICHAEL SUSSMAN,

                Plaintiff,

   -against-

                        **MEMORANDUM &**
                        **ORDER**

                        CV-03-3618

US DEPARTMENT OF JUSTICE; UNITED STATES
DEPARTMENT OF TRANSPORTATION;
TRANSPORTATION SECURITY ADMINISTRATION;
UNITED STATES POSTAL SERVICE;
UNITED STATES SECRET SERVICE; AND
INTERNAL REVENUE SERVICE,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**APPEARANCES:**

**Michael Sussman**
Plaintiff Pro Se
613 Cross Street
East McKeepsport, PA 15035

**Benton J. Campbell**
**United States Attorney**
271 Cadman Plaza East,
Brooklyn, NY 11201
By: Kathleen Ann Mahoney, A.U.S.A.


**HURLEY, Senior District Judge:**

       Plaintiff Michael Sussman commenced this lawsuit alleging that Defendants improperly

withheld records requested pursuant to the Freedom of Information Act and the Privacy Act.

Presently before the Court is Plaintiff's motion requesting an extension of time to file a notice of

appeal from the December 2, 2008 judgment in favor of Defendants. For the reasons set forth

below, the motion is denied.

## Background

The following facts are undisputed unless otherwise noted.

Familiarity with the Court's prior decisions in this matter is presumed, and the facts are not reiterated here. Briefly stated, Plaintiff filed this action on July 23, 2003 bringing seventy-one separate claims under the Freedom of Information Act and Privacy Act. On December 2, 2008 judgment was entered dismissing all of Plaintiff's claims. In a letter dated February 16, 2009, fourteen days after the time to file notice of appeal had elapsed, Plaintiff requested that the Court extend the time in which notice could be filed pursuant to Fed. R. App. P. 4(a)(5).

Plaintiff's application asserts that his failure to file a notice of appeal within the required number of days constitutes excusable neglect. In support of this assertion he states:

> The time for the notice of appeal expired on or about January 31, 2009, since the period to file the notice is sixty (60) days because the United States is a party.
> I believed that I had filed the notice in this case as my internal calendar had the event marked as completed on January 20, 2009. However, I discovered that the notice of appeal was not received by the Court despite my having prepared it. I cannot conclusively state that the notice of appeal was sent as it was prepared using regular mail.
> I believe that, in this case, my failure to file the notice in a timely manner constitutes excusable neglect since the opposing party will not be prejudiced by the delay in filing the Notice of Appeal and because I did prepare and believe I mailed the Notice, despite the Court not receiving it.

(Dkt. No. 104.) Plaintiff's application did not include a copy of the notice of appeal he had prepared. According to Plaintiff, he did not file the notice with his application "because he did not want to deprive this Court of jurisdiction." On February 27, 2009, an undated notice of appeal was filed. In the meantime, the Court had entered an Order setting forth a briefing

schedule for the application, including an opportunity for Plaintiff to reply to any opposition.

Defendants opposed the motion arguing that Plaintiff's failure to act diligently in complying with Rule 4(a)'s clearly established deadline does not constitute excusable neglect. Plaintiff did not file a reply.

Because the Court was unclear as to certain information needed to address the application, it entered an Order directing the Plaintiff to serve and file, on or before November 5, 2009, an affidavit addressing the following questions: (1) when did Plaintiff first complete the preparation of the notice of appeal and was the notice of appeal dated; (2) was the notice of appeal mailed to the Court, and if so, when was it mailed, who mailed it and from where was it mailed; and (3) when and how did the Plaintiff discover that the notice of appeal was not received by the Court. To date, no affidavit has been filed.

## Discussion

### I. Rule 4 of the Federal Rules of Appellate Procedure Generally

Rule 4 of the Federal Rules of Appellate Procedure ("Rule 4") governs the time requirements for filing a notice of appeal as of right. Under Rule 4(a)(1)(B), when the United States or its agency is a party in a civil case, the notice of appeal may be filed within 60 days of the entry of judgment. The district court may, however, allow an extension of time to file the notice if (1) a party moves no later than 30 days after the time prescribed in Rule 4(a) expires; and (2) the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5).

In accordance with Rule 4(a)(1)(B) the last day in which Plaintiff could have filed a notice of appeal was February 2, 2009.[1] Thereafter, Plaintiff had 30 days, or until March 4,

---

[1] Sixty days from the entry of judgment was Saturday, January 31, 2009. Therefore, pursuant to Rule 6(a)(3) of the Federal Rules of Civil Procedure, the last day for the timely filing of the notice of appeal was extended to Monday, February 2, 2009.

2009, to submit a request for an extension of time. Plaintiff's motion seeking an extension was received within the 30 day time frame, having been filed with the clerk's office February 18, 2009.

**II. Good Cause and Excusable Neglect**

In addition to filing a motion for extension within 30 days of judgment, Plaintiff must also demonstrate good cause or excusable neglect in order to be granted an extension. "The excusable neglect standard applies in situations in which there is fault; in such situations the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault--excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Fed. R. App. P. 4(a)(5)(A)(ii), advisory committee's note. For example, if Plaintiff could demonstrate that the Postal Service had failed to deliver a timely prepared notice of appeal, the good cause standard would apply. *Id*.

Plaintiff does not claim that circumstances beyond his control brought about the need for an extension. Plaintiff states that he "believes" he mailed the notice because the event was marked on his "internal calendar." However, without any evidence that the notice was properly mailed the good cause prong is not applicable. Therefore, in order to be granted an extension, Plaintiff must demonstrate excusable neglect. *See Bass v. NYNEX*, 2004 WL 2674633 (S.D.N.Y. Nov. 23, 2004).

In *Pioneer,* the Supreme Court recognized that excusable neglect is an "elastic concept" which is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Investment Servs. Co. v. Brunswick Assoc., Ltd.*, 507 U.S. 380, 395 (1993). In assessing excusable neglect in the context of a Rule 4(a)(5) motion, courts must

consider the four elements of the *Pioneer* test; "(1) the danger of prejudice to the [non-movant], (2) the length of the delay and its potential impact upon judicial proceedings, (3) the reason for the delay, including whether it was in the reasonable control of the movant, and (4) whether the movant acted in good faith." *United States v. Carson,* 52 F.3d 1173, 1180 (2d Cir. 1995) (quoting *United States v. Hooper,* 9 F.3d 257, 259 (2d Cir. 1993) (quoting *Pioneer Investment Servs. Co. v. Brunswick Assoc., Ltd.*, 507 U.S. 380, 395 (1993)). *Accord Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003).

Good faith is not questioned in this case and the negligible impact of both of the first two factors tends to favor the Plaintiff. *See Silivanch*, 333 F.3d 335. The Second Circuit, however, has emphasized that the reason for delay is the dominant factor, stating "the other three are significant only in close cases." *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415-416 (2d Cir. 2004). The Second Circuit has "taken a hard line" in addressing cases concerning excusable neglect, stating that "despite the flexibility of 'excusable neglect' and the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension, we and other circuits have focused on the third factor . . . ." *Silivanch*, 333 F.3d 355 at 368. The reason for Plaintiff's delay is therefore the critical factor in determining whether his actions constitute excusable neglect.

Despite being provided more than one opportunity to provide the Court with information necessary for the determination of the instant application, Plaintiff has remained silent. Plaintiff was given an opportunity to file a reply to the Defendants' opposition, and he did not. The Court then directed the Plaintiff to file a further affidavit in support of his application, and he did not.

Rule 4(a) clearly and unambiguously establishes the time and procedure for appeal. Plaintiff was afforded ample time and opportunity to file notice but has failed, without excuse, to

5

do so within the clear time frame set by Rule 4. "[W]here . . . the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Canfield v. Van Atta Buick/GMC Truck,* 127 F.3d 248, 250 (2d Cir. 1997). *See also Pioneer*, 507 U.S. 380 at 392 ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect"); *Dennett v. CIA*, 252 Fed. Appx. 343 (2d Cir. 2007) (Summary Order) (affirming district court decision that mailing notice of appeal to the wrong address does not constitute excusable neglect); *Phillips v. Merchants Ins. Group*, 173 F.3d 845, 1999 WL 278526 (2d Cir. 1999) (holding district court abused its discretion in granting motion for extension of time to appeal filed two days after time to appeal expired because the pro se litigant's confusion as to the deadline to appeal did not constitute excusable neglect).

## Conclusion

Plaintiff has not demonstrated good cause or excusable neglect for his failure to timely file a notice of appeal under Rule 4(a). Plaintiff's motion to extend the time period to file a notice of appeal is denied

**SO ORDERED.**

Dated: Central Islip, New York
November 16, 2009

/s/
Denis R. Hurley
Senior District Judge